Cabell, P.
delivered the opinion of the Court.
The bond in this case was executed by Tapp as surety for Imboden, and at the time of its execution, it was payable twelve months after date. No valuable consideration passed from Peck, the obligee. On the contrary, it was executed solely for the accommodation of Imboden, the principal, and to enable him to raise money for his own benefit, by transferring it to Harnsberger. Accordingly, Imboden employed Peck, the obligee, to make the arrangement with Harnsberger. The evidence in the cause does not shew whether Harnsberger was informed or knew that the bond had been given without value, and for the accommodation of the principal obligor. But whether he knew it or not, that was certainly the fact; and therefore, according to well established principles, the instrument had no obligatory force, on any body, until it passed into the hands of Harnsberger, for value. But before the bond was thus passed to him, a memorandum had been made thereon, *147 and signed by Peck, the obligee, to the effect that payment should not be enforced for three years, provided the interest should be punctually paid at the expiration of each year. This memorandum, although signed by Peck only, was in fact the act of Imboden; for he himself wrote it, and Peck was nothing more than his agent in the transaction. It was also known to Harnsberger before he traded for the bond. Before he gave value for it, the bond, as before observed, had no obligatory force. It took effect as a bond from that time only ; and as the memorandum for extending the time of payment, was then upon the instrument, and signed by the obligee, and known to Harnsberger, that memorandum was part and parcel of the bond as taken by Harnsberger, and is supported by the same valuable consideration on which every other part of the bond rests. It was therefore obligatory upon Harnsberger, to the extent to which it purported to bind him. And if the agreement for the extension of the time of payment had been absolute and unconditional, it would, according to numerous decisions of this Court, have absolved the surety who had not assented to the agreement.
But the agreement was not absolute; there was a condition attached to it, namely, the punctual payment of the interest at the expiration of each year. This condition was not performed; for no interest was paid until many months after the expiration of the first year. That the nonperformance of a condition, on the performance of which, the agreement to extend the time of payment depends, destroys the obligatory force of the agreement, and leaves the parties in the same situation, and with the same rights and obligations, as if the agreement had never been made, was decided in the case of Norris v. Crummy, 2 Rand. 323. The hands of Harnsberger, therefore, were never tied up, so as to prevent his suing the principal, as soon as he could have *148 sued him, if the agreement had never been made. The remedies of the surety were never impaired, and of course his obligation to pay the bond, remained in full . 101’Ce.
The Qourt jg farther of opinion, that the evidence is not sufficient to shew that the said bond was given for . ... a usurious consideration.
The decree is therefore reversed, and the cause is remanded, to be farther proceeded in, according to the principles now declared.